TRUCHARTE, PLAINTIFF AND APPELLANT, v. FIGUEROA,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for
an Injunction to Recover the Possession of Real Prop-
erty.

No. 1494.—Decided July 10, 1916.

INJUNCTION—POSSESSION—RECENT ACTS OF POSSESSION—FORCE.—No right to
possession can be pleaded nor can the act providing for the recovery of posses-
sion be invoked against the real owner of a property for recent acts of
possession unless the necessary time has elapsed; nor can a manager or
an overseer base his right on that of his principal when the evidence shows
that the latter had no such right, but only that the said manager or overseer
had entered forcibly upon the property for several days and had planted
the ground with the assistance of laborers.

ID.—TOLERANCE.—Pursuant to section 446 of the Civil Code, one in possession
by acts that are merely tolerated cannot bring summary proceedings to retain
or recover possession unless he has been in possession for the necessary
length of time.

The facts are stated in the opinion.

*Messrs Muñoz & Brown* for the appellant.

The appellee did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an injunction to recover possession of part of
a piece of land by virtue of law No. 43, approved March 13,
1913. The theory of the complaint seems to be that Pablo
Trucharte was administrator or manager of some property
belonging to his principals, Adelaida Olivieri, Evaristo Frei-
ría and Luis Muñoz Morales, the property being described
in the complaint. The complaint further sets up that the
defendant violently entered the portion of the land which
was being administered by the complainant and put up a
fence around it and deprived him of the possession of the
said part which the said complainant had cleaned up and
put in condition a month before and sown with coffee and
bananas.

The court found in favor of the defendant. The proof
shows that the land in question was in possession of and

actually belonged to the defendant up to May 5, 1915, when the complainant entered the land and sowed it. The defendant placed his fence around the land on June 26, 1915. So that the only physical possession that the complainant can maintain is between May 5 and June 26, 1915. The only acts of possession of complainant Trucharte were to go on the disputed land for several days and cultivate the land with the assistance of his peons. Under this state of facts the court below put the question to itself of whether complainant had ever acquired the possession of the disputed land and answered the question in the negative because of the provisions of sections 446, 447, 461 and 462 of the Civil Code with principal reliance on section 446 as follows:

"Sec. 446.—Acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or with violence, do not affect possession."

The court also cites Manresa, Commentaries on the Civil Code, vol. 4, p. 209, and vol. 8, p. 379 *et seq.,* to the effect that the tenant whose acts have been merely tolerated cannot avail himself of the interdicts, and that some reasonable time must elapse before a person could be considered in possession. This seems to us a sound doctrine.

The appellant in turn cites Manresa, vol 4, pages 213, 214 and 233, all commentaries on the equivalent of section 446 of the Civil Code, and 6 Manresa Commentaries, Code Civil Procedure, 136, 141. To our minds, however, the reasoning of Manresa militates with the theory of the appellant. We think that he was recognizing the right of violent possessors against third persons, but not as against the person who had a present right to enter. On page 214 he points out this distinction expressly and says that the law in the case of entry by a person who has a right of possession cannot be considered a perturbation against one who possesses violently.

Moreover, we think that the complaint in this case shows that the complainant was relying on the right of possession of his principals and as the proof shows that they had no such right except by his own forceful entry on May 5, 1915, we think that he has no claim to the possession and cannot invoke law No. 43, the substitute of the former civil law interdict.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.